UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CASSIE LEE YOAKUM,<br><br>Defendant. | Case No. 1:21-cr-00052-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Defendant has filed a pro se motion for reduction of sentence. *See* Dkt. 116. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On September 17, 2021, this Court sentenced Defendant to 74 months' incarceration after she pleaded guilty to possessing methamphetamine with intent to distribute. *See Sept. 17, 2021 Judgment,* Dkt. 71. Her Total Offense Level was 29, and her Criminal History Category was IV, which yielded a guidelines range of 121 to 151 months. *See Statement of Reasons*, Dkt. 73.

## LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgement and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an

MEMORANDUM DECISION AND ORDER - 1

exception to the general rule of finality[.]" *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission…, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing commission.

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. *Dillon*, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. *Id.* at 827.

## ANALYSIS

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

    A.    **Part A**

"Part A of Amendment 821 limits the overall criminal history impact 'status

points'…under § 4A1.1 (Criminal History Category)." *Id.* at 60535. Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. In this case, Ms. Yoakum's criminal history score—*after* adding status points—was 7. *See Presentence Investigation Report*, Dkt. 75, ¶¶ 36-38. Amendment 821 reduces her status points from 7 to 5, which means that she would drop to Criminal History Category III, rather than Category IV. This, in turn, would reduce her guidelines range from 121 to 151 months to 108 to 135 months. As noted above, however, Ms. Yoakum was sentenced to less than the low end of that reduced range. She received a 74-month sentence. Accordingly, Ms. Yoakum is not eligible for a reduction under Part A of the Amendment. *See United States Sentencing Guideline* § 1B1.10(b)(2) (prohibiting sentencing a defendant to less than the minimum of the amended guideline).

    **B.**    **Part B**

Part B of Amendment 821 provides for a two-level reduction in the offense

level for certain zero-point offenders with no criminal history and whose offense did not involve specified aggravating factors. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). Part B does not apply because Ms. Yoakum is not a zero-point offender.

### C. Request for Appointment of Counsel

Within her motion, Ms. Yoakam asked the Court to appoint counsel to assist her with this issue. The Court will deny that request. This matter is relatively simple, and the Court is confident that Ms. Yoakam is not entitled to the requested relief. Further, her motion was referred to a committee, which included a government attorney, a probation officer, and a federal defender. After review, that committee—which, again, included a federal defender—unanimously determined Ms. Yoakam is not entitled to the requested relief.

### ORDER

**IT IS ORDERED that** Defendant's Motion for Reduction of Sentence (Dkt. 116) is **DENIED**.

DATED: October 23, 2024

B. Lynn Winmill
U.S. District Court Judge